1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | RENAL CARE GROUP | CASE NO. 2:22-cv-1693
NORTHWEST, INC. dba FRESENIUS

11 | KIDNEY CARE SKAGIT VALLEY, | STIPULATED PROTECTIVE
ORDER

12 |                   Plaintiff,

13 |          v.

14 | COASTAL ADMINISTRATIVE
SERVICES, INC., FIRST CHOICE

15 | HEALTH NETWORK, INC.,
SCHENK PACKING CO., DIAMOND

16 | BENEFITS, INC., and STEVE
KLAWONN,

17

18 |                   Defendants.

19

20

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or

21

private information for which special protection may be warranted. Accordingly, the parties

22

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

23

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

24

protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

        "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) Protected Health Information under HIPAA, (as defined by 45 C.F.R. § 160.103 and 164.501); (2) accounting information or tax records; (3) non-publicly available financial information including, but not limited to, income statements and balance sheets; (4) confidential business information including, but not limited to, company trade secrets or competitive and strategic initiatives, where such information is not readily ascertainable from public sources and the confidentiality of which the party has taken reasonable steps to maintain; and/or (5) information otherwise subject to protection under Washington law, federal law, or by contract.

3.      SCOPE

        The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

        However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, with the exception of Protected Health Information under HIPAA which shall at all times remain subject

to the protections conferred by this agreement and which the parties shall at all times maintain

the confidentiality of in accordance with Section 4 of this agreement.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed

or produced by another party or by a non-party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation. Confidential material may be disclosed only to

the categories of persons and under the conditions described in this agreement. Confidential

material must be stored and maintained by a receiving party at a location and in a secure manner

that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the designating party, a receiving party may

disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of

counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the

receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

agree that a particular document or material produced is for Attorney's Eyes Only and is so

designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this

litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of

confidential material, provided that counsel for the party retaining the copy or imaging service

1    instructs the service not to disclose any confidential material to third parties and to immediately

2    return all originals and copies of any confidential material;

3              (f) during their depositions, witnesses in the action to whom disclosure is

4    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

5    (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

6    transcribed deposition testimony or exhibits to depositions that reveal confidential material must

7    be separately bound by the court reporter and may not be disclosed to anyone except as permitted

8    under this agreement;

9              (g) the author or recipient of a document containing the information or a

10    custodian or other person who otherwise possessed or knew the information;

11              (h) any other person or entity to which the parties agree in writing, including but

12    not limited to a mediator.

13              4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

14    referencing such material in court filings, the filing party shall confer with the designating party,

15    in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

16    remove the confidential designation, whether the document can be redacted, or whether a motion

17    to seal or stipulation and proposed order is warranted. During the meet and confer process, the

18    designating party must identify the basis for sealing the specific confidential information at issue,

19    and the filing party shall include this basis in its motion to seal, along with any objection to

20    sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be

21    followed and the standards that will be applied when a party seeks permission from the court to

22    file material under seal. A party who seeks to maintain the confidentiality of its information must

23    satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the

24

motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files. Notwithstanding anything in this paragraph to the contrary, any party may redact Protected Health Information under HIPAA prior to filing any document, and no party is required to file a motion to seal in order to redact Protected Health Information under HIPAA from a filing.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

1    ordered, disclosure or discovery material that qualifies for protection under this agreement must

2    be clearly so designated before or when the material is disclosed or produced.

3              (a) <u>Information in documentary form</u>: (e.g., paper or electronic documents and

4    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

5    the designating party must affix the word "CONFIDENTIAL" to each page that contains

6    confidential material. If only a portion or portions of the material on a page qualifies for

7    protection, the producing party also must clearly identify the protected portion(s) (e.g., by

8    making appropriate markings in the margins).

9              (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and

10    any participating non-parties must identify on the record, during the deposition or other pretrial

11    proceeding, all protected testimony, without prejudice to their right to so designate other

12    testimony after reviewing the transcript. Any party or non-party may, within thirty days after

13    receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

14    transcript, or exhibits thereto, as confidential. During that thirty day period, if a party seeks to

15    publicly file or disclose a transcript, exhibit, or portion thereof, other than in a manner consistent

16    with this agreement, it must provide fifteen business days' notice and an opportunity to designate

17    any confidential materials to all other parties before doing so. If a party so designates all or any

18    portion as confidential, the parties shall proceed as set forth under paragraph 4.3. If a party or

19    non-party desires to protect confidential information at trial, the issue should be addressed during

20    the pre-trial conference.

21              (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on

22    the exterior of the container or containers in which the information or item is stored the word

23

24

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d) <u>Non-Party Productions</u>: any party may, within thirty days after receiving documents produced in this litigation by a non-party, designate such documents or any portion thereof as confidential. During that thirty day period, if a party seeks to publicly file or disclose a transcript, exhibit, or portion thereof, other than in a manner consistent with this agreement, it must provide fifteen business days' notice and an opportunity to designate any confidential materials to all other parties before doing so. If a party so designates all or any portion as confidential, the parties shall proceed as set forth under paragraph 4.3.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. With regard to Protected Health Information under HIPAA, any party may designate such information as "CONFIDENTIAL" at any time, notwithstanding the provisions of this paragraph, and all parties agree that they will endeavor to designate such information as early as is reasonably possible.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

1       (b) promptly notify in writing the party who caused the subpoena or order to issue

2   in the other litigation that some or all of the material covered by the subpoena or order is subject

3   to this agreement. Such notification shall include a copy of this agreement; and

4       (c) cooperate with respect to all reasonable procedures sought to be pursued by

5   the designating party whose confidential material may be affected.

6   8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

7       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

8   material to any person or in any circumstance not authorized under this agreement, the receiving

9   party must immediately (a) notify in writing the designating party of the unauthorized

10  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

11  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

12  this agreement, and (d) request that such person or persons execute the "Acknowledgment and

13  Agreement to Be Bound" that is attached hereto as Exhibit A.

14  9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

15  <u>MATERIAL</u>

16      When a producing party gives notice to receiving parties that certain inadvertently

17  produced material is subject to a claim of privilege or other protection, the obligations of the

18  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

19  provision is not intended to modify whatever procedure may be established in an e-discovery

20  order or agreement that provides for production without prior privilege review. The parties agree

21  to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

22  10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

23

24

1    Within 60 days after the termination of this action, including all appeals, each receiving

2    party must return all confidential material to the producing party, including allcopies, extracts

3    and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

4    destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all

5    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

6    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

7    work product, even if such materials contain confidential material. The confidentiality

8    obligations imposed by this agreement shall remain in effect until a designating party agrees

9    otherwise in writing or a court orders otherwise.

10        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11   DATED: April 12, 2023                    /s/ Carin Marney
                                             Carin Marney, WSBA No. 25132
12                                           LANE POWELL PC
                                             Attorney for Plaintiff Renal Care Group
13                                           Northwest, Inc. d/b/a Fresenius Kidney Care
                                             Skagit Valley
14
     DATED: April 12, 2023                    /s/ Robert Zaffrann
15                                           Robert Zaffrann, *Pro Hac Vice*
                                             DUANE MORRIS LLP
16                                           Attorney for Plaintiff Renal Care Group
                                             Northwest, Inc. d/b/a Fresenius Kidney Care
17                                           Skagit Valley

18   DATED: April 12, 2023                    /s/ Wendy Lyon
                                             Wendy Lyon, WSBA No. 34461
19                                           FOX ROTHSCHILD LLP
                                             Attorney for Defendant First Choice Health
20                                           Network, Inc.

21   DATED: April 12, 2023                    /s/ Kelsey L. Shewbert
                                             Kelsey L. Shewbert, WSBA No. 51214
22                                           Shaun G. Campbell, WSBA No. 47863
                                             HWS LAW GROUP
23                                           Attorney for Defendant Coastal
                                             Administrative Services, Inc.
24

DATED: April 12, 2023

*/s/ Matthew L. Harrington*
Mathew L. Harrington, WSBA No. 33276
Maricarmen Perez-Vargas, WSBA No. 54344
STOKES LAWRENCE, P.S.
Attorney for Defendant Schenk Packing Co.

DATED: April 12, 2023

*/s/ James B. Meade*
James B. Meade, WSBA No. 22852
FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE
PLLC

David A. DuBois, P*ro Hac Vice*
MCCOY LEAVITT LASKEY LLC

Attorneys for Defendants Diamond Benefits, Inc. and Steve Klawonn

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 13, 2023.

Marsha J. Pechman
United States Senior District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on _____

[date] in the case of *RENAL CARE GROUP NORTHWEST, INC. d/b/a FRESENIUS KIDNEY*

*CARE SKAGIT VALLEY v. COASTAL ADMINISTRATIVE SERVICES, INC. et al.* (No. 2:22-cv-

01693-MJP). I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____