UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENAL CARE GROUP NORTHWEST, INC. d/b/a FRESENIUS KIDNEY CARE SKAGIT VALLEY,<br><br>Plaintiff,<br><br>v.<br><br>COASTAL ADMINISTRATIVE SERVICES, INC., et al.,<br><br>Defendants. | CASE NO. C22-1693 MJP<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant Coastal Administrative Services, Inc. (CAS) and Schenk Packing Co.'s Joint Motion for Protective Order Regarding Plaintiff's Requests for Admission. (Dkt. No. 33.) Having reviewed the Motion, the Response (Dkt. No. 36), the Reply (Dkt. No. 38), and all supporting materials, the Court GRANTS the Motion.

ORDER GRANTING MOTION FOR PROTECTIVE ORDER - 1

## BACKGROUND

Schenk and CAS ask the Court to limit the total number of Requests for Admission, including the number of subparts, that Plaintiff served on them, and to extend this limitation to all parties. Plaintiff served 74 RFAs on Schenk and 44 on CAS. The parties have met and conferred and were unable to reach agreement. (See Declaration of Maricarmen Perez-Vargas ¶ 2 (Dkt. No. 34); Declaration of Shaun Campbell ¶ 2 (Dkt. No. 35).)

## ANALYSIS

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The Rule requires that "[e]ach matter must be separately stated." Fed. R. Civ. P. 36(a)(1). The Court may order a limit on the number of RFAs. Fed. R. Civ. P. 26(b)(2)(A).

Rule 26(c) allows a party to seek an "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The moving party must meet and confer prior to moving for relief and show "good cause" exists to grant the relief. Id. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002).

The Court agrees with CAS and Schenk that the RFAs served on them are unnecessarily voluminous, compound, and burdensome. RFAs may be useful to obtain targeted admissions tailored to key issues in a case. But many of the voluminous RFAs Plaintiff served are compound, repetitive, involve facts in dispute, and seek information better obtained from third

parties. The Court agrees with CAS and Schenk that responding to these RFAs, as drafted, is unduly burdensome. The Court therefore GRANTS the Motion and STRIKES the RFAs that were served on CAS and Schenk.

The Court places the following limitations on RFAs for all parties in this action and ORDERS as follows: (1) the total number of RFAs that any party may serve on another party cannot exceed 25; (2) no RFA may include subparts; (3) no RFA may elicit a response based on knowledge outside the party on whom the RFAs are served; and (4) no RFA may include disputed facts.

Plaintiffs may serve a revised set of RFAs on CAS and Schenk that conform to the limitations in this Order. Plaintiff must serve the revised RFAs within 10 days of this Order. Defendants must then answer within the time limit specified by Rule 36(a)(3). Defendants may object to any individual RFA, but the Parties must promptly meet and confer within 2 weeks of service of the responses to discuss any objections.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 17, 2023.

Marsha J. Pechman
United States Senior District Judge